UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN LEE HIGH,<br><br>                Petitioner,<br><br>     v.<br><br>SCOTT FRAKES,<br><br>                Respondent. | Case No. C08-5766RJB-KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for April 3, 2009 |

     This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at the Monroe Correctional Complex, located in Monroe, Washington. He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. #1). Because petitioner appears to have sufficient funds with which to pay the $5.00 Court filing fee, the undersigned recommends the Court deny the application.

## DISCUSSION

     The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a

REPORT AND RECOMMENDATION
Page - 1

proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the district court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the Court to proceed *in forma pauperis*, petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. In his application, petitioner states that he is presently employed, and that he earns $52.00 per month. (Dkt. #6). The prison trust account statement he submitted, also shows that he had average monthly receipts of $60.14 and an average monthly spendable balance of $14.68 for the six-month period of July 1 2008, to December 31, 2008. Petitioner, furthermore, indicates that there are no persons who are dependent upon him for support. While the funds to which petitioner has access may not be great, given that a prisoner's basic needs are provided for while incarcerated and that the filing fee required to proceed with this action is minimal ($5.00), the undersigned finds it is not unreasonable to expect petitioner to pay that fee from those funds.

## CONCLUSION

Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the Court order petitioner to pay the required filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 3, 2009**,

1 | as noted in the caption.
2 | Dated this 10th day of March, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3