UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LEE HIGH,

    Petitioner,

v.

SCOTT FRAKES,

    Respondent.

Case No. C08-5766RJB-KLS

ORDER DENYING PETITIONER'S MOTION FOR COURT-APPOINTED COUNSEL

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. This matter is before the Court on plaintiff's filing of a motion for court-appointed counsel. (Dkt. #7). The Court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

ORDER
Page - 1

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. See Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined that an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. See Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner, furthermore, has not shown there is a likelihood of success on the merits.

In his motion, which appears to have been written at least in part on his behalf by another prison inmate, petitioner claims to have a "mental problem." (Dkt. #7, p. 2). However, given the fact that he has not shown a likelihood of success on the merits, and it appears he has been able to articulate his claims sufficiently enough to allow for service of his petition (see Order for Service of Petition, dated the same date herewith), the Court finds appointment of counsel is not warranted at this time. Petitioner also has failed to show that his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

Accordingly, petitioner's motion for court-appointed counsel (Dkt. #7) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner and to counsel for respondent[s].

DATED this 30th day of April, 2009.

Karen L. Strombom
United States Magistrate Judge