UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LEE HIGH,

                Petitioner,

  v.

SCOTT FRAKES,

                Respondent.

Case No. CO8-5766RJB-KLS

ORDER DENYING PETITIONER'S SECOND MOTION FOR APPOINMENT OF COUNSEL

      This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's filing of a motion for appointment of counsel. (Dkt. #16). The Court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

      There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the

ORDER - 1

likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id.

This is the second motion for appointment of counsel petitioner has filed in this case. On March 3, 2009, petitioner filed his first such motion, which the Court denied on April 30, 2009, for the following reasons:

> Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. See Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. See Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner also has not shown there is a likelihood of success on the merits.
> In his motion, which appears to have been written at least in part on his behalf by another prison inmate, petitioner claims to have a "mental problem." (Dkt. #7, p. 2). However, given the fact that he has not shown a likelihood of success on the merits, and it appears he has been able to articulate his claims sufficiently enough to allow for service of his petition (see Order for Service of Petition, date the same date herewith), the Court finds appointment of counsel is not warranted at this time. Petitioner also has failed to show that his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

(Dkt. #11, p. 2).

In his current motion, petitioner presents the following reasons for revisiting the issue of appointment of counsel:

- He cannot understand anything at all, including both the English language and any of the documents the Court has sent him.
- His "jailhouse lawyer" is unable assist him because of that inmate's own pending legal problems.
- He is unable to afford private counsel.
- The issues involved in this case are complex.
- The issues involved in this case require investigation, which he is unable to do due to his confinement in prison.
- The ends of justice would be best served if counsel were appointed.
- He has a mental disability.

ORDER - 2

(Dkt. #16). Petitioner, however, has made no showing that the reasons given in the Court's prior order denying his first motion for appointment of counsel are not still applicable. In addition, no evidence has been presented to indicate petitioner is unable to understand the proceedings in this matter, let alone the English language, particularly since petitioner himself appears to have both written and signed his own motion. Nor is the fact that petitioner no longer has the assistance of a jailhouse lawyer, that he cannot afford private counsel or that he is incarcerated alone sufficient to warrant appointment of counsel at government expense. Lastly, the Court finds the issues in this matter are not so complex that, as noted above, petitioner is unable to adequately represent himself *pro se*.

Accordingly, for all of the above reasons, petitioner's second motion for appointment of counsel (Dkt. #16) hereby is DENIED.

The Clerk shall send a copy of this Order to petitioner and to counsel for respondent.

DATED this 15th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3