UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LEE HIGH,

        Petitioner,

v.

SCOTT FRAKES, *et al*,

        Respondent.

Case No. C08-5766RJB-KLS

REPORT AND RECOMMENDATION

Noted for August 21, 2009

Petitioner is a state prisoner currently incarcerated at the Monroe Correctional Complex, located in Monroe, Washington. This matter is before the Court on respondent's filing of a motion to dismiss as being untimely (Dkt. #19) petitioner's petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 (Dkt. #9). Respondent's motion was noted for consideration on July 10, 2009. No response thereto has been filed by petitioner. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as untimely.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

REPORT AND RECOMMENDATION
Page - 1

period shall run from the latest of --

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner was convicted of four counts of rape of a child in the second degree by jury verdict in the Pierce County Superior Court on March 4, 2004. (Dkt. #9, p. 2 [1]; Dkt. #19-2, Exhibit 1). He was sentenced to a prison term of 280 months on each count, all to run concurrently. (Dkt. #19-2, Exhibit 1, p. 5). On August 16, 2005, the Washington State Court of Appeals, Division II, affirmed petitioner's conviction. (Id., Exhibit 3). The Washington State Supreme Court denied petitioner's petition for review of the court of appeals's decision on May 3, 2006. (Id., Exhibit 3). On May 9, 2006, the court of appeals issued its mandate, stating its August 16, 2005 decision became the decision terminating review on May 3, 2006. (Id., Exhibit 4).

The AEDPA's one-year statute of limitations began to run in this case on August 1, 2006, or 90 days after the Washington State Supreme Court issued its decision denying petitioner's petition for review. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" in 28 U.S.C. §

---

[1] Although this page of petitioner's petition is numbered as "Page 2," it is actually the first page of the petition form used by petitioner. For sake of clarity and consistency, the undersigned shall use the page numbers as they appear on that form in citing to petitioner's petition.

REPORT AND RECOMMENDATION
Page - 2

2244(d)(1)(A) includes period within which petitioner can file petition for writ of *certiorari* from United States Supreme Court, whether or not such petition is actually filed); United States Supreme Court Rule 13 (petition for writ of *certiorari* to review judgment by state court of last resort is timely when filed within ninety days after entry of judgment). It continued to run for a total of 868 days – a period much longer than the one year allowed under the AEDPA – until petitioner filed his petition for writ of *habeas corpus* on December 17, 2008.[2] (Dkt. #1).

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714. Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

---

[2] Although the petition was filed with the Court on December 22, 2008, it was signed by petitioner on December 17, 2008. (Dkt. #1). Presumably this is the date petitioner delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court."). This is the date respondent also indicates should be used to determine when petitioner filed his petition. See (Dkt. #19, p. 4). Accordingly, the date petitioner signed his petition shall be treated as the date he filed it with this Court.

REPORT AND RECOMMENDATION
Page - 3

## CONCLUSION

Because it appears that petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **August 21, 2009**, as noted in the caption.

DATED this 30th day of July, 2009.

Karen L. Strombom
United States Magistrate Judge